AGNES E. ZIMMER, Appellant, v. ALBERT L. WILBER and FLOSSIE LUCY WETSEL, Defendants, and THOMAS BUSH, Respondent.— Appeal from an order of the Special Term of the Supreme Court entered in Schoharie county clerk's office April 7, 1938, granting the motion of the defendant Thomas Bush to open his default in appearance and pleading and permitting him to interpose an answer. The action, commenced in November, 1937, is for a partition of real property which belonged to Sarah A. Wilber, who died intestate survived by her husband, Peter R. Wilber, and three children who are parties to the action. The husband died August 26, 1937, before the commencement of this action, and it is alleged in the complaint that his interest passed to the children above mentioned and that each of the children is entitled to an undivided one-third share of the premises. The complaint further alleges that the defendant Thomas Bush holds a mortgage for $568 on an undivided two-ninths share of the premises belonging to the defendant Albert L. Wilber, dated December 14, 1936, and recorded; that said mortgage is a lien " upon all the right, title and interest and share of said Albert L.

Wilber in said premises at the time when said mortgage was given." The defendant Bush defaulted in appearing and pleading; later he discovered that by deed dated March 9, 1936, which was before the date of the mortgage, the husband had conveyed his share in the premises to his son, the defendant Albert L. Wilber, but which deed was not recorded until January 24, 1938. Defendant Bush thereupon moved for permission to open his default and serve an answer setting forth that the interests of Albert L. Wilber in the premises at the time of the giving of the mortgage was an undivided five-ninths thereof, and that the mortgage, therefore, constitutes a lien upon an undivided five-ninths interest in the premises. The application was granted by the order now appealed from. Plaintiff-appellant objects to the order upon the ground that because of the provisions of section 121 of the Civil Practice Act governing the filing of notice of pendency of an action, the defendant Bush was not in position " to serve any answer which then varied the allegations of the complaint as to his interest." Order affirmed, with costs. Hill, P. J., Rhodes, Crapser and Heffernan, JJ., concur; Bliss, J., taking no part.